UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KIMBERLY D. HARGROVE,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | Civil Action No. 1:10-0061<br>Judge Nixon/Brown |

To: The Honorable John T. Nixon, Senior Judge

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), as provided under Title XVI and Title II of the Social Security Act (the "Act"), as amended. Currently pending before the Magistrate Judge is Plaintiff's Motion for Judgment on the Administrative Record and Defendant's Response. (Docket Entries 14, 16). The Magistrate Judge has also reviewed the administrative record (hereinafter "Tr."). (Docket Entry 12). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Plaintiff's Motion be **GRANTED in part** and the action be remanded for rehearing pursuant to 42 U.S.C. § 405(g).

**I. INTRODUCTION**

Plaintiff first filed for Social Security Income ("SSI") on February 2, 2007, with an alleged onset date of December 31, 2001. (Tr. 118). Plaintiff's claim was denied initially and on reconsideration. (Tr. ). She requested a hearing before the ALJ, which was held on July 20,

1

2009 before ALJ John R. Daughtry. (Tr. 24-59). The ALJ issued an unfavorable decision on

September 3, 2009. (Tr. 7).

In his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2006.
2. The claimant has not engaged in substantial gainful activity since December 31, 2001, the alleged onset date of disability (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
3. The claimant has the following severe impairments: lumbar spine degenerative disc disease (spondylosis/lumbago), degenerative joint disease (both knees), obesity, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.962(a) which includes the ability to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand or walk at least 2 hours in an 8 hour workday; sit up to 6 hours in an 8 hour workday; occasionally push/pull; can perform occasional postural activities (climbing, balancing, stooping, kneeling, crouching, crawling). The claimant can understand, remember, and carry out simple and low-level detailed directions; can maintain concentration and persistence necessary to perform simple and low-level detailed tasks; can interact with the general public with some difficulty; can interact with coworkers and supervisors; and can adapt to gradual, infrequent changes in the work environment.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
7. Born on September 23, 1969, the claimant was 32 years old on December 31, 2001, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).
8. The claimant has a high school education and is able to communicate in English. (20 CFR 404.1564 and 416.964).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969,

    and 416.969(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2001, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-23).

  The Appeals Council denied Plaintiff's request for review on March 24, 2010. (Tr. 1).

## II. REVIEW OF THE RECORD[1]

  Plaintiff was born on September 23, 1969. (Tr. 28). She is married and lives with her husband and four minor children. (Tr. 119). Plaintiff has past work experience as a nursing assistant, an administrative assistant, and customer service and sales representative. (Tr. 31-32). Plaintiff claims she is disabled because her arms and hands go numb, her hands swell up, she has severe pain in her legs and arms, she cannot walk or stand very long, and because she is depressed and has panic attacks and hears voices. (Tr. 33-34).

  Plaintiff testified she sought treatment for pain at The Pain Center of Columbia and Middle Tennessee Pain Associates, but those records were not submitted.[2] Instead, records from another patient were submitted in error by Plaintiff's attorney, and the two exhibits (Exhibits 8F and 13F) were ostensibly stricken from the record. (Tr. 27, 30, 266-86, 338-54).

## III. PLAINTIFF'S STATEMENT OF ERROR AND CONCLUSIONS OF LAW

  Plaintiff cites three alleged errors committed by the ALJ for review. First, the ALJ's

---

[1] Because the Magistrate Judge believes this case should be remanded to the Administration for further proceedings based on the improper consideration of stricken evidence in evaluating Plaintiff's credibility regarding her pain, Plaintiff's health records have not been summarized here.

[2] It is somewhat unclear from Plaintiff's testimony whether she was treated at both centers. Nevertheless, Plaintiff's attorney inexplicably failed to submit these clearly relevant medical records.

3

finding that Plaintiff's mental impairments are in the mild to moderate range is not supported by the evidence. Second, the ALJ erred in not crediting the opinion of Plaintiff's treating mental health professionals. Third, the ALJ erred in failing to properly evaluate the effects of Plaintiff's pain. Because the Magistrate Judge believes this case should be remanded based in part on the third error, only that error is addressed below.

A.     Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exits in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner*, 105 F.3d 244, 245 (6th Cir. 1996). Even if the evidence could also support a difference conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). However, if the record was not considered as a whole, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985).

B.     Proceedings at the Administrative Level

The Claimant has the ultimate burden to establish an entitlement to benefits by proving

his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[3] or its equivalent; if a listing is met or equaled, benefits are owing without further inquiry.

4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (*e.g.*, what the claimant can still do despite his or her limitations); by showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

5. Once the claimant establishes a *prima facie* case of disability, it becomes the Commissioner's burden to establish the claimant's ability to work by providing the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

In determining residual functional capacity (RFC) for purposes of the analysis required at steps four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and non-severe. *See* 42 U.S.C. § 423(d)(2)(B).

---

[3] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, Appendix 1.

C.    The ALJ Failed to Properly Evaluate Plaintiff's Credibility

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible as documented by records from treating sources and examining sources . . . ." (Tr. 21). In his opinion, however, the ALJ cites to Exhibits 8F and 13F, which are not Plaintiff's medical records and were stricken from evidence. (Tr. 16, 27).

An ALJ's finding on the credibility of a claimant is to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing the witness's demeanor and credibility. *Walters v. Commissioner of Social Security*, 127 F.3d 525 (6th Cir. 1997) (citing 42 U.S.C. § 423 and 20 C.F.R. 404.1529(a)). Like any other factual finding, however, an ALJ's adverse credibility finding must be supported by substantial evidence. *Doud v. Commissioner*, 314 F. Supp. 2d 671, 678-79 (E.D. Mich. 2003). In this case, the ALJ committed a clear legal error by citing to exhibits that were not evidence of Plaintiff's claim. It is impossible for the Magistrate Judge to evaluate whether this error is harmless. The ALJ's credibility finding was based generally on "records from treating sources," and the undersigned cannot determine to what extent the treatment records from The Pain Center of Columbia and Middle Tennessee Pain Associates contradicted Plaintiff's statements. Because the ALJ noted that these records reflected Plaintiff's pain was reduced by 25 to 30 percent with no side effects and that she was doing very well with this course of treatment, the effect cannot be considered meaningless. (Tr. 16). The Magistrate Judge therefore believes this matter should be remanded to the Social Security Administration for further administrative proceedings to correct legal errors. *See*, *e.g.*,

*Uforma/Shelby Business Forms, Inc. v. N.L.R.B.*, 111 F.3D 1284, 1291-92 (6th Cir. 1997) (remanding a case under the "substantial evidence" standard where the ALJ misconstrued and failed to consider evidence).

The Magistrate Judge is disappointed that this basic yet harmful error seems to have proceeded unnoticed by the ALJ, the Appeals Council, and both parties. Plaintiff's attorney, who apparently created the problem in the first place by submitting medical records that did not belong to Plaintiff, failed to raise this in her Motion, and the Administration did not raise it in its Response. It is to be hoped that all parties will be more careful in the future.

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion be **GRANTED in part** and the action be remanded for rehearing pursuant to 42 U.S.C. § 405(g).

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 7th day of December, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge